UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

LUIS DIAZ                                                    CASE NO.: 18-10239-RAM
                                                             CHAPTER: 13
      DEBTOR(S).
_____/

**MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY**

      COMES NOW, **Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust** ("Movant"), its successors and assigns, by and through its undersigned counsel, files its *Motion for Relief from Stay and Co-Debtor Stay*, pursuant to 11 USC §362(j) and §1301; and in support thereof states as follows:

      1.      On January 8, 3.29, Luis Diaz (the "Debtor") filed for relief under Chapter 13 of the United States Bankruptcy Code.

      2.      Jurisdiction in this cause is granted to the Court, pursuant to 28 U.S.C. §1334, 11 U.S.C. §362, 11 USC §1301, and all other applicable rules and statutes affecting the jurisdiction of the Court generally.

      3.      On April 7, 2017, the Circuit Court of the Eleventh Judicial Circuit entered a Final Judgment of Foreclosure, in favor of Movant - attached hereto as Exhibit "**A**" – in the amount of **$239,401.51**, related to the following real property located in Orange County, Florida (the "Subject Property") to wit:

LOT 7, BLOCK 5, FIRST ADDITION TO ROBLES GARDENS, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 134, PAGE 24, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.
Property address: 2658 W 70TH PL, HIALEAH, FL 33016

      4.      According to Debtor's Schedule C, the property is not claimed as exempt.

      5.      Pursuant to Debtor's Schedule D, the value of the collateral is **$193,749.00**.

      6.      Creditor holds an interest by virtue of an Adjustable Rate Home Equity Conversion Mortgage (the "Reverse Mortgage"), evidenced by the secured Claim 3-1 (the "Claim") in this

case with respect to the Subject Property. The Claim sets forth the total debt owed as $250,735.26 and a pre-petition arrears in the amount of $12,887.69.

7. Pursuant to the *Fourth Amended Chapter 13 Plan* [Document No. 38], which was been confirmed by the Court on April 1, 2018 [Document No. 53], the Debtor intends to pay the arrearages through the plan.

8. Upon information and belief, the Debtor, Luis Diaz, passed away on or around July 27, 2020.

9. Due to the death of the Debtor, the Movant requests relief from stay and Co-Debtor stay, pursuant to 11 U.S.C. § 362(j) and § 1301 be granted, Movant be granted stay relief to pursue its state court remedies.

10. If Movant is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

**WHEREFORE**, **Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust** the Court enter an Order modifying the Automatic Stay under 11 U.S.C. § 362(j) and §1301 to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, together with such further relief this Honorable Court deems just and appropriate.

## CERTIFICATION PURSUANT TO LOCAL RULE 9011-4

I HEREBY CERTIFY that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

Dated: September 22, 2020         By: /s/ *Scott C. Lewis, Esq.*
                                  Scott C. Lewis, Esq.
                                  Florida Bar No.: 112064

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, this 22nd day of September, 2020.

By: /s/ *Scott C. Lewis, Esq.*
Scott C. Lewis, Esq.
Florida Bar No.: 112064

Scott C. Lewis, Esq.
**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Telephone: (813) 221-4743 ext. 2603
Facsimile: (813) 221-9171
Bkfl@albertellilaw.com

## SERVICE LIST

Luis Diaz
2658 West 70th Place
Hialeah, FL 33016

*Co-Debtor (to be served separately)*
Moraima S. Diaz
2658 West 70th Place
Hialeah, FL 33016

*Attorney for Debtor*
Ricardo Corona, Esq.
3899 NW 7 St, Second Floor
Miami, FL 33126

*Trustee*
Nancy K. Neidich
www.ch13miami.com
POB 279806
Miramar, FL 33027

ALAW File No.: 18-005633

*U.S. Trustee*
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

ALAW File No.: 18-005633

# EXHIBIT A

CFN: 20170203977 BOOK 30492 PAGE 1778
DATE:04/11/2017 04:23:12 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DAD

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 2015-013202-CA-01

CIT BANK, N.A.,
Plaintiff(s),

vs.

LUIS DIAZ; MORAIMA S. DIAZ; UNITED STATES
OF AMERICA, SECRETARY OF HOUSING AND
URBAN DEVELOPMENT; ANY AND ALL
UNKNOWN PARTIES CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE HEREIN NAMED
INDIVIDUAL DEFENDANT(S) WHO ARE NOT
KNOWN TO BE DEAD OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN INTEREST
AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR
OTHER CLAIMANTS,

Defendant(s).

## FINAL JUDGMENT OF FORECLOSURE

THIS ACTION was heard before the Court at trial on April 7, 2017. On the evidence presented, IT IS ORDERED AND ADJUDGED that Final Judgment in favor of the Plaintiff is GRANTED. Service of process has been duly and regularly obtained over Defendants: Luis Diaz; Moraima S. Diaz and United States of America, Secretary of Housing and Urban Development.

1. **Amounts Due and Owing.** Plaintiff is due:

| | |
|---|---|
| Principal due on the note secured but the mortgage foreclosed: | $180,253.46 |
| Interest on the note and mortgage from June 25, 2008 to April 7, 2017 | $33,694.61 |
| **Additional Costs:** | |
| Initial MIP | $5,300.00 |
| Monthly MIP | $8,854.14 |
| Monthly Servicing Fees | $3,210.00 |
| Servicing Advances | $8,089.30 |
| **GRAND TOTAL** | **$239,401.51** |

2. **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest 4.97% a year.

3. **Lien on Property.** Plaintiff, CIT Bank, N.A. c/o Financial Freedom, whose address is 2900 Esperanza Crossing, Austin, TX 78758 holds a lien for the grand total sum superior to all claims or estates of the defendant(s). on the following described property in MIAMI-DADE County, Florida:

CFN: 20170203977 BOOK 30492 PAGE 1779

LOT 7, BLOCK 5, FIRST ADDITION TO ROBLES GARDENS, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 134, PAGE 24, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Property address: 2658 W 70TH PL, HIALEAH, FL 33016

4. **Sale of property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _____August_____7_____, 201_7_, at 9:00 A.M. to the highest bidder for cash, after having first given notice as required by Section 45.031, Florida Statutes. The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com.

5. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, les the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7. **Right of Possession.** Upon filing of the Certificate of Sale, defendants(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat, if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the Protecting Tenants at Foreclosure Act of 2009.

8. **Jurisdiction.** Federal National Mortgage Association is the owner of the promissory note secured by the mortgage subject to this Final Judgment and the Court specifically reserves jurisdiction to enter further orders the Court deems just and proper to include, without limitation, the following: orders granting additional attorney's fees and costs; writs of possession; orders determining the amount and responsibility for assessments that may be due a condominium or homeowner's association pursuant to sections 718.116 or 720.3085 of the Florida Statues; orders arising out of re-foreclosure, to include permitting a supplemental complaint to add an interest-holder, and/or; orders involving reformation of the mortgage instrument or deed to perfect title.

9. If the Plaintiff is the successful purchaser at the foreclosure sale, Plaintiff may also assign the successful bid without further order of this Court.

10. Defendants' Right of Redemption shall be terminated upon issuance of the Certificate of Sale as prescribed by Florida Statute §45.0315 Florida Statutes; except for that of the United States of America, which has 365 days to redeem.

11. COUNT II – Reformation: The Court finds that the subject Mortgage is hereby reformed nunc pro tunc to the date of execution to include the omitted signatures of Luis Diaz and Moraima S. Diaz, such that it encumbers the entire fee simple title to the Property in order to accurately reflect the parties' intentions. Additionally, Pursuant to representation by Defendant's counsel, Defendant, Luis Diaz, consent to the relief sought in Count II for Reformation.

CFN: 20170203977 BOOK 30492 PAGE 1780

12. <u>Count III-Equitable Subrogation-</u> In the event that COUNT II is denied as to the interests of Luis Diaz and Moraima S. Diaz, the Court finds that a portion of the loan proceeds in the amount of $91,742.64, from the mortgage loan transaction were used for the payment and satisfaction of the Mortgage lien in favor of America's Wholesale Mortgage and Regions Mortgage as shown recorded in Official Records Book 18458, Page 747 and Official Records Book 24546, Page 3479 respectively of the Public Records of Miami Dade County, Florida. Therefore, based on the evidence of payment thereof, Plaintiff stands equitably subrogated to the lien position of the aforementioned previous mortgagee to the extent of the payoff of the same.

Therefore, the Court hereby adjudicates that Plaintiff stands equitably subrogated to the lien position of the mortgages America's Wholesale Mortgage and Regions Mortgage as shown recorded in Official Records Book 18458, Page 747 and Official Records Book 24546, Page 3479 respectively of the Public Records of Miami Dade County, Florida. The Court hereby further adjudicates that the interests of all Defendants named herein this Judgment including but not limited to Luis Diaz and Moraima S. Diaz, and any Defendant claiming by, through, under or against aforementioned Defendant(s) as subordinate and inferior to that of Plaintiff's lien to the same extent. *Additionally, pursuant to representations of counsel for Defendant, Defendant, Luis Diaz, consents to the relief sought in Count II for Equitable Lien.*

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FL (TELEPHONE : (305) 375-5943), WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 NW 1ST AVENUE, SUITE 214, MIAMI, FL 33128 (TELEPHONE: (305)-579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS, IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY; YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

DONE AND ORDERED in Chambers in Miami Dade County, Florida, this 7th day of April, 2017.

_____
Circuit Judge

NJ-15-178709
CASE NO. 2015-013202-CA-01

**ORIGINAL**

JUDGE JOHN W. THORNTON JR.

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION
NUMBER 12
THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.
Judge's Initials _____

CFN: 20170203977 BOOK 30492 PAGE 1781

Copies furnished to:
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
eService: servealaw@albertellilaw.com

Luis Diaz
c/o Ricardo R. Corona, Esq.
3899 NW 7 Street, Second Floor 202B
Miami, FL 33126
E-Serve 1: foreclosure@coronapa.com, E-Serve 2: aalvarez@coronapa.com

Moraima S. Diaz
15200 SW 43rd Court
Miramar, FL 33027

GrayRobinson, P.A.- Co-Counsel
c/o Neil P. Linden, Esq.
333 SE 2nd Ave Ste 3200
Miami, FL 33131
E-Serve 1: neil.linden@gray-robinson.com, E-Serve 2: giselle.maranges@gray-robinson.com, E-Serve 3: elena.pathman@gray-robinson.com